UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| WILMA J. PAYNE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) NO. 3:07-CV-251 |
|  | ) (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the Court pursuant to 28 U.S.C. § 636(b) for a report and recommendation on cross-motions for summary judgment. The plaintiff brought this case for judicial review, pursuant to 42 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g), of the Commissioner's final decision denying plaintiff's claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. § 1382(c). For the reasons that follow, the Court recommends that plaintiff's Motion For Summary Judgment [Doc. 8] be DENIED, and that defendant's Motion For Summary Judgment [Doc. 10] be GRANTED.

## I. Procedural History

Plaintiff Wilma Payne ("Payne") previously filed a claim for Supplemental Security Income ("SSI") disability benefits on May 17, 1991. Plaintiff was awarded SSI benefits by Administrative Law Judge("ALJ") Billy R. Ridenour in a decision dated December 12, 1992, in which he determined that claimant was disabled and that her impairments met the requirements of Listing 12.05C.

Plaintiff began receiving SSI benefits in 1992. By 2001, while Payne was still receiving SSI benefits, she had married, returned to work every day and, at some point, worked two jobs at once. Ultimately, Payne's SSI benefits were terminated in February 2002, as a result of excess income[1].

Plaintiff reapplied for SSI benefits with a protective filing date of May 21, 2003. Therein, she alleged that she became disabled in March 2003, due to back and leg pain, chest discomfort, nerves, headaches, and neck pain. Plaintiff's application was denied initially and on reconsideration. A hearing before ALJ William P. Newkirk was held on April 26, 2005, at which Payne was present and testified. A vocational expert also testified. On September 1, 2005, the ALJ found that Payne was not disabled, because she did not meet the requirements of Listing 12.05C and could perform a significant number of jobs in the national economy. The Appeals Council subsequently denied Payne's request for review, rendering the ALJ's decision the Commissioner's final decision.

Plaintiff filed a Complaint in this Court on June 22, 2007, seeking judicial review of the Commissioner's decision. Thus, the sole issue on review is whether the ALJ's decision is supported by substantial evidence.

## II. Factual Background

Plaintiff was born in 1965 and is currently a 42 year old individual classifiable as "younger." See 20 CFR 416.963(c). She has a high school education, but has not acquired

---

[1] It is unclear whether Payne's benefits were terminated as a result of her own level of income or as a result of the combination of her income with her husband's income. Such ambiguity is immaterial, though, as her benefits were nonetheless denied.

transferrable work skills from any past relevant work.  Her past work experience includes work as a cook at various fast food restaurants, which is classified as medium, skilled labor.

Although Plaintiff attended special education classes in school, she obtained a high school diploma.  She has been married twice and has three children.  Plaintiff possesses a driver's license, but does not currently drive.  She engages in many routine daily activities and, throughout the years, participated in the raising of her children.  By and large, Payne presently manages her household with some help from her daughter.  At various times, she has held jobs at Krystal's and Hardee's restaurants and even held two jobs during one period of time.

### III. Standard of Review

"The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  This is so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 764, 772 (6th Cir. 2001).  The Court also reviews the ALJ's decision to determine "whether the [Commissioner] employer the proper legal standard in reaching her conclusions." Brainard v. Sec'y of Health & Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). When the ALJ's findings are not supported by substantial evidence, or if the ALJ has committed legal error, the reviewing court shall reverse and remand the case for further administrative proceedings unless "the proof of disability is overwhelming or...the proof

of disability is strong and evidence to the contrary is lacking." Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 176 (6th Cir. 1994).

### IV. Application of the Five Step Sequential Evaluation Process

In reviewing a claim for SSI benefits, the ALJ is "required to follow a five-step sequential analysis set out in agency regulations." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997). Those five steps can be summarized as follows:

   1. If claimant is doing substantial gainful activity, he is not disabled[;]

   2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled[;]

   3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry[;]

   4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled[;]

   5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Id. (citing 20 C.F.R. § 404.1520 (1997)). Plaintiff bears the burden of proof in the first four steps. Id. However, the "burden shifts to the Commissioner only at Step Five." Id. (citing Young v. Sec'y of Health and Human Servs., 925 F.2d 146, 148 (6th Cir.1990)).

### V. Analysis

As discussed above, Payne claims that she became disabled in March 2003, due to back and leg pain, chest discomfort, nerves, headaches, and neck pain. However, her primary focus is

whether she meets the mental retardation prong of Listing 12.05C. Therefore, only Step Three is relevant to the resolution of this appeal, as the ALJ has conceded Steps One and Two, and the ALJ's favorable determination at Step Four logically is not being contested by the plaintiff. Further, the Court's finding that the ALJ's conclusion as to Step Three is supported by substantial evidence renders any discussion of the ALJ's determination as to Step Five inconsequential.

Plaintiff argues that her condition meets § 12.05C of the Listings. Listing § 12.05C states, in relevant part:

> 12.05 *Mental retardation*: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> ….
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt.404, Subpt. P, App. 1, §12.05. In order to establish the requirements of this Listing, an individual's impairment must "satisf[y] the diagnostic description in the introductory paragraph **and** any one of the four sets of criteria." Id. at § 12.00(A); See also Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001). Therefore, contrary to plaintiff's assertion, she must demonstrate the onset of mental retardation prior to the age of 22.

While the ALJ included "mental retardation" within the list of plaintiff's severe impairments, he later explained that she "has been functioning at either a low average, or at worst, borderline intellectual functioning level." As the Commissioner correctly points out, "borderline intellectual functioning" is not commensurate with mental retardation: in fact, it is a

lesser degree of mental impairment. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 48 (4th ed. revision 2000). Moreover, this circuit recognizes that there is a distinction between borderline intellectual functioning and mental retardation. Elam v. Comm'r of Soc. Sec., 348 F.3d 124, 126 (6th Cir. 2003).

Substantial evidence exists to support the ALJ's conclusion that Payne does not meet the listing for mental retardation. First, the evidence does not demonstrate or support onset of the "significantly subaverage general intellectual functioning with deficits in adaptive functioning" before age 22. The medical record is replete with evidence concerning Payne's mental functioning, and includes several instances where mental health practitioners opined that she had borderline intellectual functioning. Moreover, Payne was administered IQ tests on at least two occasions during her formative years, one at age ten and another at age twenty-two. In both instances, her scores placed her in the borderline range of intellectual functioning: neither indicated that the plaintiff had the level of mental retardation to satisfy Listing 12.05C. While Payne continues to present IQ scores from a 2003 test, when she was thirty-seven years old, this reliance ignores the Listing's requirement of the onset of impairment of age 22: evidence from the relevant period of time is a more reliable indicator of Payne's intellectual functioning during that period.

In addition, the evidence does not demonstrate or support onset of "deficits in adaptive functioning" before age 22. Burrell v. Comm'r of Soc. Sec., 2000 WL 1827799, at *2 (6th Cir. Dec.8, 2000) (unpublished table decision) (per curiam) ("[R]eceiving benefits under Listing 12.05 also requires a deficit in adaptive functioning.") (internal quotation marks omitted). In fact, Payne has failed to allege that she had any adaptive functioning deficits prior to age twenty-two. The evidence shows that a school psychologist expressly noted that, at age sixteen, Payne

6

was "adapting well" and that her social age was virtually identical to her chronological age. Additionally, doctors that have examined Payne recently have only noted "potential" or "moderate" limitations to her ability to adapt. Indeed, her daily activities and work history are wholly inconsistent with mental retardation and illustrate that she did not have adaptive deficits.

There is substantial evidence in the record to support the ALJ's decision and this Court will defer to the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key v. Callahan, 109 F.3d 270, 273 (6th Cir.1997).

Payne argues that she should be found to meet the mental retardation of Listing 12.05C by virtue of the previous determination that she was disabled under that listing. As mentioned above, ALJ Ridenour awarded Payne disability benefits in 1992 after finding that she met the criteria of Listing 12.05C. Therefore, Payne argues that, under the doctrine of *res judicata*, the Commissioner is precluded from re-litigating whether she meets the requirements of Listing 12.05C; rather, she contends that the ALJ is bound by the prior ALJ's determination that she did meet those criteria.

Citing to Drummond v. Comm'r of Soc. Sec., 126 F.3d 837 (6th Cir. 1997), Payne correctly recognizes that "the principles of *res judicata* can be applied against the Commissioner." Drummond, 126 F.3d at 842. Moreover, Drummond stands for the proposition that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination." Id. However, the court in Drummond recognized several exceptions to this blanket rule precluding re-litigation of previously determined issues. While the Court refused to allow the Commissioner "unfettered discretion to reexamine issues previously determined," it indicated that such reconsideration

7

would be warranted if "new and additional" evidence is presented, if there is a change in "circumstances," and if the claimant's condition "improved significantly" in the intervening period between the decisions. Id. at 842-43; Cf. Haun v. Comm'r of Soc. Sec., 107 Fed. Appx. 462, 464 (6th Cir. 2004). The burden is on the Commissioner to prove such changed circumstances as to escape the effects of *res judicata*. Id. at 843.

In this instance, the defendant has carried its burden, proving that ALJ Newkirk was presented with such "new and additional" evidence as was contemplated in Drummond. For one, as is plainly evident from the record, ALJ Newkirk was presented with Payne's testimony, while ALJ Ridenour was not. Moreover, while ALJ Ridenour's opinion references IQ tests administered in 1991 and 1992, it makes no mention of the 1976 IQ test considered by ALJ Newkirk. Additionally significant is the fact that these tests were administered when plaintiff was twenty-six and twenty-seven years old, not pre-twenty-two, as necessitated by Listing 12.05C. Accompanied with other material evidence considered by ALJ Newkirk in this instance, this "new and additional" evidence led to the determination that Payne did not meet the requirements of Listing 12.05C. Because Payne's circumstances had changed, and because ALJ Newkirk was presented with new and additional evidence not considered in making the prior determination, ALJ Newkirk was not bound by any prior findings.

## VI. Conclusion

In light of the foregoing and based on the Court's review of the entire record in this case, there is substantial evidence to support the ALJ's finding that the plaintiff did not meet the requirements of Listing 12.05C and was not disabled. Moreover, the ALJ was not bound by the prior decision concerning Payne's SSI benefits under the doctrine of *res judicata* because new

and additional evidence concerning her mental faculties was presented in this instance. Therefore, it is hereby RECOMMENDED[2] that the plaintiff's Motion for Summary Judgment [Doc. 8] be **DENIED**, and that defendant's Motion for Summary Judgment [Doc. 10] be **GRANTED**.

Respectfully submitted,

s/ H. Bruce Guyton  
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).