UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WILMA J. PAYNE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:07-CV-251 |
| | ) | (VARLAN/GUYTON) |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of objections by Plaintiff, Wilma J. Payne, ("Plaintiff") [Doc. 14] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 13]. Magistrate Judge Guyton found that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence in the record as a whole and found that the ALJ was not bound by the doctrine of res judicata. Magistrate Judge Guyton recommended that Plaintiff's motion for summary judgment [Doc. 8] be denied and that Defendant Commissioner's motion for summary judgment [Doc. 10] be granted.

This Court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The Court is limited to determining whether the ALJ's decision was supported by substantial evidence and was made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241

(6th Cir. 2007). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which Plaintiff objects. In considering the Plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, the administrative record, and all related filings. For the reasons that follow, Plaintiff's objections will be overruled.

In his opinion, ALJ Newkirk determined that Plaintiff did not meet the requirements for a disability due to mental retardation under Section 12.05C. (Tr. 19.) Section 12.05C provides:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.

> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> ...
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. Thus, a Section 12.05C claimant must prove the following: (1) the claimant suffers from "significantly subaverage general intellectual functioning," (2) the claimant suffers from "deficits in adaptive functioning," (3) such deficits initially manifested during the developmental period (ie., before age 22), and (4) one of the four criteria (A, B, C, or D) is met. *Daniels v. Comm'r of Soc. Sec.*, 70 F. App'x 868, 872 (6th Cir. 2003); *see also Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

Plaintiff argues that ALJ Newkirk erred by failing to expressly discuss the application of res judicata in the present case. Furthermore, she contends that Magistrate Judge Guyton's report and recommendation misunderstands and misstates Plaintiff's position regarding her argument that res judicata applies to ALJ Ridenour's 1992 determination regarding her level of functioning prior to age 22. She contends that the report and recommendation mistakenly discusses the issue of whether the Defendant is precluded from re-litigating whether she meets the requirements of Section 12.05C because her position is only that res judicata applies to the issue of her level of functioning prior to age 22 in light of ALJ Ridenour's 1992 decision. Thus, Plaintiff distinguishes between the issue of whether she meets the requirements of Section 12.05 and the related sub-issue of her level of functioning prior to

3

age 22, as provided by the introductory or "diagnostic description" paragraph of Section 12.05.

The Court first notes that Plaintiff's motion for summary judgment states, "Judge Ridenour's finding . . . that claimant's impairments met the Listing of Rule 12.05C is *res judicata*." [Doc. 9 at 4.] Thus, to the extent Plaintiff argues that Magistrate Judge Guyton completely misstates her position, the Court finds the argument without merit based on the plain language of her motion for summary judgment.

The Court also finds that there is "new and additional evidence" rendering res judicata inapplicable to both the issue of whether Plaintiff met the requirements of Section 12.05 and the related sub-issue of her functioning prior to age 22. In *Drummond v. Comm'r of Soc. Sec.*, the Sixth Circuit held that "new and additional evidence" or "changed circumstances" were needed for the Defendant to "reexamine issues previously determined." 126 F.3d 837, 842 (6th Cir. 1997). "New and additional" evidence as to the issue of whether Plaintiff meets the requirements of Section 12.05C has been presented in this case to permit reexamination by the Defendant, such as Plaintiff's testimony before ALJ Newkirk and work history since ALJ Ridenour's 1992 decision. To the extent Plaintiff contends that res judicata applies solely to the issue of her functioning prior to age 22, the Court finds that the 1976 IQ test considered by ALJ Newkirk would also qualify as "new and additional" evidence to preclude the application of res judicata. As discussed by Magistrate Judge Guyton, ALJ Ridenour's opinion makes no mention of the 1976 IQ test, indicating that such evidence was not before him. Though Plaintiff argues that Defendant may not argue "new and material evidence"

4

because it cannot show what evidence was before ALJ Ridenour, the Sixth Circuit has recognized that claimants have a responsibility to maintain their own records. *Glazer v. Comm'r of Soc. Sec.*, 92 F. App'x 312, 315 (6th Cir. 2004) (citing *Gosnell v. Sec'y of Health and Human Servs.*, 703 F.2d 216, 219 (6th Cir. 1983)).

The applicability of res judicata to the present case may also be questioned in light of the different versions of regulations in place during ALJ Ridenour's decision in 1992 and ALJ Newkirk's decision in 2005; in other words, relevant regulations were added in 2000. The 2005 version in place at the time of ALJ Newkirk's decision provides:

> The structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings. Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A) (2005). Notably, there is no such provision in the version of the regulations that were in place during ALJ Ridenour's decision in 1992. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A) (1992); *see also Foster*, 279 F.3d at 354. Thus, the 2000 amendment clarified that the introductory paragraph provides separate requirements for a 12.05C claimant aside from the four sets of criteria (paragraphs A through D). Notably, ALJ Ridenour's 1992 decision does not expressly discuss the distinct elements of the diagnostic description paragraph. (*See* Tr. 36-39.) Though the regulations provide that there is no "good cause" to reopen a case if "the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was

5

made," 20 C.F.R. § 404.989, the Court notes that the changes in the regulations in addition to the new evidence discussed above are sufficient to render res judicata inapplicable to the present case.

Furthermore, regardless of the applicability of res judicata to the issue of functioning prior to age 22, there is substantial evidence to support the ALJ's conclusion that Plaintiff's claim of disability fails to meet other requirements of Section 12.05. *See West v. Comm'r Soc. Sec. Admin.*, 240 F. App'x 692, 698 (6th Cir. 2007) (affirming the ALJ's decision denying benefits when claimant introduced insufficient evidence of deficiencies in "adaptive functioning" even when the ALJ erred in requiring a claimant to produce IQ scores obtained before the age of 22). First, upon reviewing the record, there is substantial evidence that Plaintiff does not meet the "significantly subaverage general intellectual functioning" requirement, an inquiry independent from the functioning prior to age 22 issue. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05; *see also Daniels*, 70 F. App'x at 872. ALJ Newkirk found that the "evaluation in the file and the claimant's work and educational history indicate the claimant has been functioning at either a low average, or at worst, borderline intellectual functioning level." (Tr. 19.) As more thoroughly discussed by Magistrate Judge Guyton, there is substantial evidence to support ALJ Newkirk's finding. Such evidence include a medical record of mental health practitioners opining that Plaintiff had "borderline intellectual functioning," which is distinguishable from mental retardation. (Tr. 146, 149, 151-52); *see* Elam v. Comm'r of Soc. Sec., 348 F.3d 124, 126 (6th Cir. 2003). Independent of the functioning prior to age 22 issue, the 1976 IQ test results would also serve as evidence,

consistent with her work and education history, that she did not meet the "significantly subaverage general intellectual functioning" requirement. (Tr. 151.) Though Plaintiff contends that the record includes evidence showing "mild mental retardation," the Sixth Circuit has recognized that a finding of mild mental retardation, in and of itself, does not satisfy the requirements of Section 12.05C. *Blanton v. Soc. Sec. Admin.*, 118 F. App'x 3, 7 (6th Cir. 2004) (holding that two IQ scores of 70, without more, does not satisfy the requirements of Section 12.05C). Furthermore, as previously discussed, the Court is prohibited from inquiring whether the record could support a decision in Plaintiff's favor if there is substantial evidence to support ALJ Newkirk's decision in this case. *Smith*, 893 F.2d at 108.

Second, there is also substantial evidence that Plaintiff does not have "deficits in adaptive functioning" in relation to her latter application for benefits. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. The regulations describe activities like cleaning, shopping, cooking, and maintaining a residence as "adaptive activities" which are assessed based on their independence, appropriateness, effectiveness, and sustainability. *Id.* at § 12.00C(1). Similarly, the Supreme Court has described "deficits or impairments in adaptive functioning" as a person's effectiveness in areas such as social skills, communication, daily living skills, and how well the person meets the standards of personal independence and social responsibility expected of his or her age by his or her cultural group. *Heller v. Doe by Doe*, 509 U.S. 312, 329 (1993). ALJ Newkirk considered Plaintiff's more recent work history of "at least semi-skilled work" in determining that "[s]he would not have been capable of this

7

work if she was mentally retarded." (Tr. 19.) This conclusion is supported by evidence that Plaintiff was employed as a cook in various restaurants from 2002 to 2003, including a position as shift leader at Krystals fast food restaurant. (Tr. 61, 79.) Furthermore, there is evidence that Plaintiff goes shopping, prepares meals for her family, performs cleaning chores at home, owns a dog that is dependent upon her for care, and is able to drive. (Tr. 89-91, 424-25.) One physician noted that Plaintiff's "appearance was neat and consistent with chronological age" and that her interactions were adequate with "no significant impairments" observed in her ability to relate. (Tr. 424-25.) Additionally, as discussed by Magistrate Judge Guyton, there is evidence that Plaintiff only has potential or moderate limitations in her ability to adapt successfully. (Tr. 428, 437-38, 540, 549, 556, 564, 568, 571.) Thus, there is substantial evidence to support ALJ Newkirk's decision that Plaintiff did not satisfy the requirements of Section 12.05C.

Finding no error in the report and recommendation, the Court will overrule Plaintiff's objections; accept the report and recommendation in whole; deny Plaintiff's motion for summary judgment; grant Defendant's motion for summary judgment; affirm the Defendant Commissioner's decision in this case denying Plaintiff's application for supplemental security income; and dismiss this case.

An order reflecting this opinion will be entered.

                                              s/ Thomas A. Varlan  
                                              UNITED STATES DISTRICT JUDGE